## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICE AND TRAINING FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF LOCAL 1 OF PA TMT VACATION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | :<br>:<br>:<br>: |

|  |  |
|---|---|
| and | : |
|  | : |
| TRUSTEES OF BRICKLAYER & TROWEL | : |
| TRADES INTERNATIONAL PENSION FUND | : |
| 620 F Street, N.W., Suite 700 | : |
| Washington, D.C.  20004 | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| PREMIER BUILDING RESTORATION, INC. | : |
| 5 Montgomery Avenue | : |
| Erdenheim, PA 19038 | : |
|  | : |
| and | : |
|  | : |
| BRIAN QUINN | : |
| 5 Montgomery Avenue | : |
| Erdenheim, PA 19038 | : |
| Defendants. | : |

## COMPLAINT

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)

### Parties

1.  Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2

2.     Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Joint Apprentice and Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Joint Apprentice and Training Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health & Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health & Welfare Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiffs the Board of Trustees of the Local 1 of PA TMT Vacation Fund (collectively, along with the Plaintiffs described in Paragraphs 2-5, "Local Trust Funds") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Vacation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Vacation Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Plaintiffs the Board of Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The International Trust Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The International Trust Fund is administered at 620 F Street, N.W., Suite 700, Washington, D.C.

20004. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

8. Defendant Premier Building Restoration, Inc. ("Premier") is believed and therefore averred to be a corporation organized and existing under the laws of the Pennsylvania. Premier is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant Premier is also an employer within the meaning of Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a, with an office located at 5 Montgomery Avenue, Erdenheim, Pennsylvania 19038.

9. Defendant Brian Quinn ("Quinn") is an adult citizen residing in the State of Pennsylvania. This Complaint is brought against Brian Quinn in his individual capacity as well as in his capacity as President and Owner of Premier. Upon information and belief, Brian Quinn exercises control and discretion over the payroll of Premier, including decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA" or "Collective Bargaining Agreement"), Trust Documents, or as authorized by the employees of Premier. As such, Brian Quinn is a fiduciary to the BAC Local 1, the Local Trust Funds and the International Trust Fund as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

**Jurisdiction**

10. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104,

1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

11. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Local Trust Fund Plaintiffs are located and administered.

12. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

13. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14. Pursuant to the Collective Bargaining Agreement, Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the Collective Bargaining Agreement.

15. In October 2016 and February 2018, the certified public accounting firm of Novak Francella first determined that amounts were owed to the Plaintiffs for unreported work performed

during the periods January 1, 2014 through December 31, 2015 and January 1, 2016 through December 31, 2017, respectively. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

16. Defendants employed certain employees covered by the Collective Bargaining Agreement, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2014 through December 31, 2015 as required by the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $53,737.54.

17. Defendants employed certain employees covered by the Collective Bargaining Agreement, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2016 through December 31, 2017 as required by the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $24,143.91.

18. The Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19. The Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

20. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 19 of Count I as if fully set forth in Count II.

21. Defendant Brian Quinn executed the Collective Bargaining Agreement on June 25, 2005, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust.

22. Defendant Brian Quinn was and is responsible for creating and operating Premier and determining the total amount of employer contributions to report and pay to the Plaintiffs from Premier's assets.

23. Defendant Brian Quinn commingled assets of Premier payable to the Plaintiffs with the general assets of Premier and used those assets for purposes other than to pay the Plaintiffs.

24. Defendant Brian Quinn exercised authority and control over the Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

25. The amounts due, unreported and unpaid by Defendant Premier, are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Trust Funds' Restated Trust Agreements.

26. The factual contentions in Paragraphs 22 and 23 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I and II as follows:

1. That the Court find the Defendant Premier Building Restoration, Inc. liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to audits from January 1, 2014 through December 31, 2015 and January 1, 2016 to December 31, 2017;

2. That the Court find Defendant Brian Quinn jointly and severally liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from January 1, 2014 through December 31, 2015 and January 1, 2016 to December 31, 2017;

3. To enter judgment against the Defendants Premier Building Restoration, Inc. and Brian Quinn in the amount of reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action;

4. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>January 30, 2020</u>

/s/ Kathleen Bichner
Kathleen Bichner, Bar No. 320946
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996